IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY D. HALL, | ) | |
| | ) | |
| Petitioner, | ) | NO. 3:07-683 |
| | ) | JUDGE HAYNES |
| DAVID MILLS, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Petitioner, Johnny D. Hall, filed this action under 28 U.S.C. § 2254, asserting procedural due process claims for the Respondent's violations of Wolff v. McDonnell, 418 U.S. 539, 556 (1974) and Crafton v. Luttrell, 378 F.Supp. 521, 538 (M.D. Tenn. 1973) at his prison disciplinary hearing for which Petitioner seeks a restoration of sentence credits. The Court appointed counsel for the Petitioner and conducted an evidentiary hearing.

### A. Findings of Fact

In January 2005, Petitioner was a prisoner at the Riverbend Maximum Security Institution ("RMSI") and was directed to meet Sgt. Valerie Cecil, a RMSI internal affairs officer. Cecil told Petitioner that an informant reported that another inmate intended to harm Petitioner, if Petitioner did not pay money for a drug debt of Petitioner and his former cell mate. (Docket Entry No. 29, Addendum 1, Pro Se petition for common law writ, technical record, Transcript at 9). Hall denied any knowledge of a debt on possession of any drugs. Id. at 12. Petitioner's drug screening was negative. Id.

On February 1, 2005, Cecil issued a "Disciplinary Report" charging that Petitioner

---

[1] David Mills is substituted for Ricky Bell as Respondent, pursuant to this Court's Order at the July 3, 2008 hearing regarding these proceedings. Mills is the Warden at the Montgomery County Correctional Complex where Petitioner is currently housed.

"conspire[d] to violate state law." (Docket Entry No. 29, Addendum 1, Disciplinary Report, Transcript at p. 36). Cecil's written narrative in the disciplinary charge was as follows:

> [Hall] stated that he was not going to pay the $300.00 and the inmate that sold the drug to him has threatened to 'stick him.' Due to inmate Hall [] admission, that he has bought (owes) for cocaine, he is charged with [] T.C.A. § 39-17-418. Which states in section (a) that "it is an offense for a person to knowingly possess or casually exchange a controlled substance unless the substance was obtained directly from, or pursuant to, a valid [] prescription or order of a practitioner while acting in the course of professional practice.

Id. at 3.

On March 1, 2005, Petitioner acknowledged his receipt of the disciplinary charge. At the prison disciplinary hearing, Cecil testified that Petitioner admitted to a $300 drug deal. According to Cecil, other than Petitioner, the only person she interviewed was the inmate who allegedly threatened Petitioner, but that inmate denied any wrongdoing. (Docket Entry No. 29, Addendum 1, Appeal from Transcript at 44 and Exhibit 1 Disciplinary Report Hearing Summary at 55).

After the hearing, the prison disciplinary board issued its "Statement of Reasons":

> Guilty of Conspiracy to Violate State Law: Hall admits to owing money. He admitted that he and his cell partner bought drugs. Hall admitted that he owed another inmate money for drugs. For drugs to exchange hands in this amount in a prison setting a conspiracy had to have taken place.

Exhibit 1, Disciplinary Report Hearing Summary at 54. As a sanction, the Board recommended Petitioner's placement in administrative segregation that the Warden adopted. As a result, Petitioner asserts that he lost 510 days of good and honor time that he could have earned if he were not confined in administrative segregation.

Petitioner elected not to testify at the prison disciplinary hearing, but in this Court

2

Petitioner testified that Cecil's allegations were false and that he never admitted to any wrong doing. Petitioner stated that prior to this disciplinary charge, he has never had a prior disciplinary charge while in prison. Petitioner followed the advice of his inmate representative not to testify at his disciplinary hearing.

### B. Conclusions of Law

"[Prisoners] may not be deprived of life, liberty, or property without due process of law." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). At a minimum, earned good time credits may not be taken from a prisoner "without notice or hearing and without due process of law." Id. at 557. In such instances, "minimum procedures appropriate under the circumstances and required by the Due Process Clause" are as follows:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontations); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

Id. at 559 (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). The written notice of the charges requirement is "to inform [the prisoner] of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564-565.

Due process also requires "that the ultimate decision be based upon evidence presented at the hearing, which the prisoner has the opportunity to refute." Crafton v. Luttrell, 378 F.Supp. 521, 538 (M.D. Tenn. 1973). Due process also requires "a statement of the reasons for the decision and the evidence relied upon." Id. at 538. See also Wolff, 418 U.S. at 564-565.

3

Petitioner contends the February 1, 2005 disciplinary report failed to provide adequate notice because the charge failed to identify state law purportedly violated and that the actual charge was for merely a simple possession or casual exchange. In Petitioner's view, Cecil's conclusory reference to a "conspiracy" does not satisfy the notice requirements under Wolff. Petitioner also contends that due process requires "some evidence" for a disciplinary violation. Petitioner further contends the prison disciplinary board failed to provide him with a written statement by the factfinders of its evidence for its findings.

Here, Petitioner acknowledged that Cecil charged him with selling drugs to another inmate. Cecil cited Petitioner's admission of this conduct and the prison disciplinary board cited Cecil's statement to support its finding. Petitioner made the decision not to testify at his prison hearing. The Court concludes that the due process requirements of Wolff and Crafton were satisfied at the prisoner disciplinary hearing.

The result of the disciplinary hearing was that Petitioner was placed in administrative segregation, but he did not suffer the loss of any accrued good time credits. Thus, by his confinement in administrative segregation, Petitioner's loss of the opportunity to earn future good time credit is not actionable. Clegg v. Bell, 3 Fed. App. 398, 399 (6th Cir. 2001) ("Although Clegg argues that his stay in segregation, occasioned by his disciplinary conviction, precludes his opportunity to earn sentence reduction credits that would lead to an earlier release, such speculative, collateral consequences of a prison disciplinary conviction are insufficient to create a liberty interest.") (citations omitted). Petitioner does not challenge the conditions of his confinement in administrative segregation or any other procedural due process claim related to that confinement.

4

Thus, Petitioner fails to demonstrate grounds for relief and this action must be dismissed.

An appropriate Order is filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge
1-28-10